

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ROLAND EUGENE FULLER, | § | |
| Movant, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  6:09-70077-HFF |
| | § | CRIMINAL NO.      6:06-998-HFF-11 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

---

ORDER

---

## I.    INTRODUCTION

This is a 28 U.S.C. § 2255 action.  Movant is proceeding pro se.

The Court is required to construe pro se complaints and petitions liberally.  Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers); and *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 1081, 1086 (2007) (noting pro se documents are to be liberally construed).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.

1990) ("The 'special judicial solicitude' with which a district court should view pro se complaints does not transform the court into an advocate.").

Pending before the Court are Movant's § 2255 motion to vacate his sentence and Respondent's motion for summary judgment. Having carefully considered the motions, the responses, the reply, the record, and the applicable law, it is the judgment of this Court that Movant's motion to vacate will be denied and Respondent's motion for summary judgment will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

**August 18, 2006–**Movant appeared before Magistrate Judge Hendricks and Attorney Stephanie Rainey was appointed to represent him.

**October 23, 2006–**Movant's counsel filed a motion to continue his case.

**October 26, 2006–**Movant's counsel filed a motion for discovery.

**November 1, 2006–**Movant appeared before the Court for a pretrial conference, and his case was continued.

**November 29, 2006–**Movant appeared before the Court, and his case was continued until the February 2007 term of court.

**December 12, 2006–**A Grand Jury for the District of South Carolina filed an eleven count Second Superceding Indictment with the United States Clerk of Court. The Second Superceding Indictment charges the following:

<u>**COUNT 1**</u>
**THE GRAND JURY CHARGES:**
That beginning at a time unknown to the Grand Jury, but beginning at least in or around January 2000, and continuing thereafter, up to and including the date of this Second Superseding Indictment, in the District of South Carolina, and elsewhere, the

Defendants**, RANDY MCMAHAN, JUAN DAVID CARILLO-RAMIREZ, JUAN JOSE BALTAZAR, ALVIERO MESA-LOPEZ, CHRISTOPHER ALAN GRAY, CHADRICK NAPOLEAN GREGORY, JAMES MARIO HARRISON, [MOVANT], ADRIAN FOWLER, ANDRE LORENZO SLIGH, and ANTONIO MORA RAMIREZ,** knowingly and intentionally did combine, conspire and agree with each other and others, both known and unknown to the Grand Jury, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (commonly known as "crack" cocaine), Schedule II controlled substances, and 1,000 kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

[Counts against other defendants omitted]

**FORFEITURE**

1. <u>DRUG-TRAFFICKING OFFENSES/FIREARMS OFFENSES</u>:

A. Upon conviction for one or more violations of Title 21, United States Code, Sections 846 and 841(a)(1) and Title 18, United States Code, Section 924(c)(1), as charged in Counts 1 through 13 of this Second Superseding Indictment, the Defendants, **RANDY MCMAHAN, JUAN DAVID CARILLO-RAMIREZ, JUAN JOSE BALTAZAR, ALVIERO MESA-LOPEZ, CHRISTOPHER ALAN GRAY, CHADRICK NAPOLEAN GREGORY, JAMES MARIO HARRISON, [MOVANT], ADRIAN FOWLER, ANDRE LORENZO SLIGH, and ANTONIO MORA RAMIREZ**, shall each forfeit to the United States all of the Defendant's right, title and interest in and to any property, real and personal,

(1) constituting or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violations, and all property traceable thereto; and

(2) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations,

(3) any firearms and ammunition (as defined in 18 U.S.C. § 921)-

(a) used or intended to be used to facilitate the transportation, sale, receipt, possession or

concealment of controlled substances or any proceeds traceable to such property;

(b)     involved in or used in any knowing violations of 18 U.S.C. § 924 or any violation of any other criminal law of the United States;

2.     <u>PROPERTY</u>:

A. Pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2),and 881(a)(11), Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), property subject to forfeiture upon conviction of the Defendants for the offenses charged in Counts 1 through 13 of this Second Superseding Indictment includes, but is not limited to the following:

(1)     Proceeds/Money Judgment:
[specific accounts omitted]

(2)     Vehicles:
[specific vehicles omitted]

(3)     Personal Property:
(a)     26" ILO LCD HD Flat Screen Television Serial # BJC6Z0103933T5

(4)     Firearms/Ammunition:
[firearm details omitted]

(5)     Real Property:
[legal descriptions omitted]

3.     <u>SUBSTITUTION OF ASSETS</u>:

A. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants,

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said Defendants up to an amount equivalent to the value of the above-described forfeitable property; Pursuant to Title 21, United States Code, Sections 853 and 881(a)(11), Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

**December 28, 2006**–Movant was arraigned on the Second Superceding Indictment before Magistrate Judge Hendricks.

**January 3, 2007**–Movant appeared before the Court, and his case was set for trial.

**February 5, 2007**–Movant, through his counsel, filed a motion in limine to exclude Respondent from introducing Rule 404(b) evidence at trial, but the Court denied that motion.

**February 7-9, 2007**–Movant was tried before a jury of his peers and was found guilty on Count One of the Second Superceding Indictment.

**May 16, 2007**–Movant was sentenced by the Court to a term of life imprisonment followed by ten years of supervised release.

**June 21, 2007**–The Court entered judgment on Movant's conviction and sentence.

**June 29, 2007**–Movant filed a notice of appeal from the Court's judgment.

**March 11, 2008**–The Court of Appeals for the Fourth Circuit affirmed the Court's judgment.

**June 8, 2009**–Movant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## III.    CONTENTIONS OF THE PARTIES

Movant asserts three ineffective assistance of counsel claims in support of his motion to vacate. First, he argues that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. Second, he contends that trial counsel was ineffective for failing to make a *Crawford* challenge to Respondent's use of recorded statements at trial. Finally, he argues that trial counsel was ineffective for failing to seek to sever Movant's case from that of one of his alleged co-conspirators, Mr. Mesa Lopez. Respondent has moved for summary judgment on all grounds.

# IV.    DISCUSSION AND ANALYSIS

### A.    *Ground One: Ineffective Assistance of Appellate Counsel for Failure to Raise Insufficiency of Evidence Claim on Appeal*

Movant first argues that appellate counsel was constitutionally ineffective for failing to challenge the sufficiency of the evidence presented at trial and, correspondingly, for failing to investigate the facts and law related thereto.

To successfully challenge a conviction on the basis of ineffective assistance of counsel, Movant must demonstrate (1) that his counsel's performance was deficient, and (2) that he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Before arguing the merits of his sufficiency of the evidence claim, Movant first contends that two of the arguments actually made by his appellate counsel were frivolous and meritless. (Memo in Supp. of Mot. to Vacate 8-10.) The first argument Movant takes issue with challenged the admissibility of cocaine based on the government's alleged failure to maintain a proper chain of custody. (Memo in Supp. of Mot. to Vacate 8-9.) The second argument challenged the admission of drugs seized from a co-defendant's residence. (Memo in Supp. of Mot. to Vacate 10.) Although the Fourth Circuit was ultimately unpersuaded by these arguments, the Court concludes that they were reasonable arguments to make in defending a drug conspiracy case. Thus, counsel's conduct in raising them did not fall below an objective standard of reasonableness. Furthermore, Movant fails to allege that he was prejudiced by his attorney's appellate arguments. Thus, to the extent he

is asserting an ineffective assistance of counsel claim based on the arguments actually presented by appellate counsel, Movant's argument is without merit.[1]

Turning now to the substance of his sufficiency of the evidence argument, Movant contends that he was convicted largely on the basis of circumstantial evidence, including statements that were taken out of context. He also asserts that much of the evidence used against him, including drugs that were seized from a co-defendants' property, supported only the guilt of his alleged co-conspirators.

Applying *Strickland*, the Court finds that counsel's failure to challenge the sufficiency of the evidence on appeal was not unreasonable because there was substantial evidence in the record to support Movant's conviction. As explained above, Movant was charged and convicted of conspiring with other defendants to possess with the intent to distribute certain amounts of cocaine, crack cocaine, and marijuana. To prove this offense, Respondent had to establish "(1) an agreement with another person to violate the law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence among the alleged conspirators." *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001).

After reviewing the evidence presented during Movant's two-day trial, the Court finds that the jury's verdict was supported by sufficient evidence. At trial, a co-defendant and the primary drug distributor involved in the conspiracy, Tonny Freeman, testified that he sold a kilogram of cocaine to Movant. (Trial Tr. 67-68.) He also testified that he sold at least four kilograms of cocaine to Movant's common law wife, Iris Aiken. (Trial Tr. 69.) Ms. Aiken testified that she

---

[1]Later in his brief, Movant asserts, without providing any specific support for his assertion, that his counsel's appellate brief may have been improperly influenced by counsel of his co-defendant. This conclusory argument is without merit.

arranged several purchases of cocaine from Mr. Freeman on behalf of Movant and that Movant converted most of that cocaine to crack cocaine and sold it. (Trial Tr. 107-109; 112-115.) Ms. Aiken discussed the strained relationship between Movant and Mr. Freeman and how she acted as the middle person between the two. (Trial Tr. 108-109). Ms. Aiken also testified about Movant's relationship with Randy McMahan, another co-defendant and a distributor for Mr. Freeman, and she explained how Movant purchased marijuana from Mr. McMahan and sold it. (Trial Tr. 117-119.) She also identified drug scales, customer lists, and other drug paraphernalia, and she testified that those belonged to Movant. (Trial Tr. 122-123.) Although there were several other witnesses who testified against Movant, the testimony of these two witnesses alone provided substantial evidence to support each of the four elements of conspiracy noted above.

"In reviewing a conspiracy conviction, [appellate courts] 'view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government,' and determine 'whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt.'" *Stewart*, 256 F.3d at 250 (citation omitted). Moreover, as Movant points out, "circumstantial evidence is treated no differently than direct evidence, and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." *United States v. Jackson*, 863 F.2d 1168, 1173 (4th Cir. 1989). Considering the evidence that was presented against Movant at trial in light of the high standard that a convicted defendant must overcome to have his conviction vacated on the grounds of insufficient evidence, the Court concludes that counsel's failure to challenge the sufficiency of the evidence on direct appeal fell well within the wide range of reasonable professional assistance under *Strickland*. Thus, Movant's first ineffective assistance of counsel argument is without merit.

B.    *Ground Two: Trial Counsel Was Ineffective for Failing to Raise a* Crawford *Challenge to Recorded Statements of Co-Defendant*

Movant next asserts that his trial counsel was ineffective for failing to challenge the admission of several tape-recorded conversations between Movant and a co-defendant, Randy McMahan.[2] Movant insists that the use of these conversations was "testimonial" and violated his Confrontation Clause rights as explained in *Crawford v. Washington*, 541 U.S. 36 (2004). In response, Respondent contends that the tape-recorded conversations were not "testimonial" in nature, and, therefore, failed to implicate the protections of *Crawford*.

*Crawford* dealt with the admission of statements made by the defendant's wife during police interrogation. *Crawford*, 541 U.S. at 40. Ms. Crawford could not testify against her husband at trial due to Washington's marital privilege, but the State introduced the statement she gave police into evidence, which tended to undermine her husband's theory of self-defense. *Id.* Mr. Crawford argued that admitting this evidence violated his Sixth Amendment right to confront witnesses against him. *Id.* The Supreme Court agreed, and held that

> Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law. . . . Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. We leave for another day any effort to spell out a comprehensive definition of "testimonial." Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police

---

[2] In reviewing the record, it appears that these tape recorded conversations were admitted through the testimony of Ms. Aiken, Movant's common law wife. Ms. Aiken was present during some of the recorded conversations, and she was asked to explain the meaning of a few of the conversations because they were spoken largely in code. (Trial Tr. 125-133.) Ms. Aiken explained that the conversations dealt with drug deals between Movant and Mr. McMahan. (Trial Tr. 126-133.)

> interrogations. These are the modern practices with closest kinship to
> the abuses at which the Confrontation Clause was directed.

*Id.* at 68 (footnote omitted).  Thus, the validity of Movant's *Crawford* argument depends upon whether the recorded statements of Mr. McMahan were sufficiently "testimonial" to evoke the protections of the Confrontation Clause.

Since *Crawford*, the Supreme Court has further explained the meaning of "testimonial" as follows:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis v. Washington*, 547 U.S. 813, 822 (2006).  As this excerpt would indicate, the *Davis* Court held that statements made to a 911 operator during an emergency were non-testimonial.  *Id.* at 829.

Applying *Crawford* and *Davis* to the facts of this case, the Court concludes that the recorded phone conversations between Movant and Mr. McMahan were not "testimonial," and, therefore, failed to evoke the protections of the Confrontation Clause.  First of all, even the *Crawford* Court stated that "statements in furtherance of a conspiracy" "by their nature [are] not testimonial." *Crawford*, 541 U.S. at 56.  This alone is a sufficient basis for rejecting Movant's argument.  Second, the statements were made in a phone conversation between two citizens who were not law enforcement officials.  Unlike in *Crawford* and *Davis*, there were no police or emergency personnel involved.  Moreover, the statements were coded in such a manner so as to not be understood by law enforcement or others who might be listening.  Additionally, a phone conversation between two

people is not even closely akin to the classic examples of "testimonial" evidence like grand jury testimony or police interrogation cited by the *Crawford* Court. Finally, other courts have rejected the notion that wire-tapped conversations are "testimonial" under *Crawford*. *See, e.g., United States v. Davis*, 270 Fed App'x 236, 248 n.9 (4th Cir. Mar. 17, 2008) (noting that statements captured by wiretap were non-testimonial and their admission does not violate the Confrontation Clause); *United States v. Becerra*, No. 05-2331, 209 Fed App'x 802, 806-807 (10th Cir. Dec. 20, 2006) (holding that recordings of telephone calls between defendant's niece and leader of drug trafficking organization were not testimonial hearsay evidence); *United States v. Johnson*, No. 04-1347, 119 Fed. App'x 415, 416 (3d Cir. Jan. 21, 2005) (concluding that drug-related phone conversations were non-testimonial and properly admitted).

Because the wire-tapped conversations admitted against Movant at trial were non-testimonial, a *Crawford*-based challenge at trial would have been unsuccessful. Thus, Movant's counsel did not act unreasonably by failing to challenge to that evidence. Therefore, Movant's second ground for relief is without merit.

C.    *Ground Three: Ineffective Assistance of Counsel for Failure to Seek Severance of Movant's Case*

As his final ground for relief, Movant insists that his trial counsel was ineffective for failing to file a motion to sever his trial from that of one of his co-conspirators, Mr. Mesa-Lopez.

As a starting point, the Court notes that counsel for three of Movant's co-defendants actually filed motions to sever. (Docket Entries 193, 195, and 240.) Moreover, counsel for Mr. Mesa-Lopez filed a motion to adopt all motions filed by co-defendants. (Docket Entry 424.) Thus, technically, the Court had before it a motion to sever Movant's trial. However, due to the fact that all of those

co-defendants ended up pleading guilty, the Court never squarely considered the merits of the severance motions.

The Court of Appeals for the Fourth Circuit adheres "to the well-established principle that defendants who are charged in the same criminal conspiracy should be tried together. . . . Joint trials are favored in those cases in which defendants have been indicted together for the sake of judicial economy." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (citations omitted). A party seeking to sever his case "must establish that actual prejudice would result from a joint trial . . . and not merely that a 'separate trial would offer a better chance of acquittal.'" *Id.* (citations omitted).

The essence underlying Movant's ineffective assistance of counsel argument is that the jury was influenced by the evidence presented against his co-defendant, and that they, in turn, relied on that evidence to convict him. In making this argument, Movant relies, in part, on the mistaken assumption that the Court failed to give an appropriate limiting instruction to the jury, informing them that the evidence against Mr. Mesa Lopez should not be considered as proof of Movant's own guilt. (Memo in Supp. Mot. to Vacate 24.) In giving its final instruction to the jury, the Court stated,

> As you know, there are two defendants being tried together. Therefore, you must be careful to give separate consideration to the evidence according each charge against each individual defendant. In considering each charge against each defendant separately do not think of the defendants as a group or assume that because one defendant may be guilty of a particular charge another must also be guilty. Instead you should only return a verdict of guilty if the evidence proves all of the elements of a particular charge against that individual defendant beyond a reasonable doubt.

(Trial Tr. 464-65.) The Supreme Court has recognized that "less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro v. United*

*States*, 506 U.S. 534, 539 (1993). Movant fails to argue that the jury instruction given in this case did not cure any prejudice that might have existed from being tried with Mr. Mesa-Lopez.

Furthermore, Movant's conclusory assertion that the evidence presented against Mr. Mesa-Lopez prejudiced him appears highly unlikely in light of the record in this case. Movant and Mr. Mesa-Lopez were involved in different aspects of a larger drug conspiracy involving seventeen named defendants. Aside from the testimony of government agents, the evidence presented against Movant and the evidence presented against Mr. Mesa-Lopez came from different witnesses. Additionally, the evidence presented in support of counts four and five against Mr. Mesa-Lopez did not involve or implicate Movant. Thus, the Court agrees with Respondent that it is very unlikely that the jury would confound the evidence presented against the two co-defendants.

Moreover, the Court notes that throughout the joint trial, Movant's counsel made repeated efforts to distinguish the evidence used against Mr. Mesa-Lopez from Movant's actions. *See, e.g.*, Trial Tr. 44 (making clear that Government's witness was not involved in Movant's case); Trial Tr. 194 (revealing that witness has no relationship with Movant).

To summarize, given that the evidence presented at trial against each co-defendant came largely from separate witnesses and given that other attorneys for other defendants had previously asked the Court to sever the case, the Court finds that counsel's failure to seek a severance did not fall below an objective standard of reasonableness under *Strickland*. Alternatively, even if counsel's performance in not seeking severance was deficient, Movant was not prejudiced by his counsel's deficient performance because counsel made numerous attempts throughout the trial to distinguish the evidence presented against Movant from the evidence presented against Mr. Mesa-Lopez and

the Court gave a clear limiting instruction to the jury designed to prevent any confusion. Thus, Movant's third ground for relief is without merit.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Movant's motion to vacate his sentence is **DENIED** and Respondent's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 30th day of November, 2009, in Spartanburg, South Carolina.


s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE


*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.