IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No.: 6:06-cr-00998-JD |
| Plaintiff, | ) | |
| vs. | ) | **OPINION & ORDER** |
| Roland Eugene Fuller, | ) | |
| Defendant. | ) | |

This is a First Step Act of 2018 request to reduce a life sentence to 180 months on a multi-object conspiracy conviction, pursuant to Section 404(b) of the First Step Act of 2018. See Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act" or "Act"). On February 9, 2007, a jury found Roland Eugene Fuller ("Defendant" or "Fuller") guilty of possession with the intent to distribute 5 kilograms of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (DE 512.) Fuller had at least two prior felony drug convictions, which had become final, and the Government had properly noticed him with an Information filed pursuant to 21 U.S.C. § 851. (DE 225.) The prior convictions and the filing of the Information subjected Fuller to a mandatory life sentence pursuant to §§ 841(a)(1) and (b)(1)(A) based on two of his four prior drug convictions. On March 16, 2007, the sentencing Judge sentenced Mr. Fuller to a mandatory minimum sentence of life in prison.[1]

Currently pending before the Court is Fuller's Motion to reduce his life sentence, pursuant to section 404 of the Act. (DE 1168.) Defendant's Motion seeks a sentence reduction because his

---

[1]    Fuller's conviction and sentence were affirmed on direct appeal. United States v. Fuller, 269 F. App'x 274 (4th Cir. 2008). On June 8, 2009, Fuller filed a motion for relief pursuant to 28 U.S.C. § 2255, which was denied. His appeal of the district court's order denying relief under § 2255, was dismissed December 6, 2010. See United States v. Fuller, 404 F. App'x 713 (4th Cir. 2010).

1

possession with the intent to distribute 50 grams or more of crack cocaine conviction is a "covered offense" under the Act (since the penalties for it were modified by the Fair Sentencing Act); and therefore, Fuller asks the Court to impose a new sentence that recalculates his guideline range and applies intervening legislative and case law changes.[2]  Although the United States of America ("Government") concedes Fuller was convicted of a covered offense under § 404, the Government opposes Fuller's motion because it contends, among other reasons, that his life sentence remains valid after passage of the Act.  (DE 1175.)  Fuller has filed a reply (DE 1176), and the Court has received a Sentence Reduction Report from the United States Probation Officer (Supplemental PSR).  After reviewing the motion, memoranda, and the record, the Court grants Fuller's motion and reduces his sentence for the reasons and as provided herein.

## BACKGROUND

Fuller was one of 17 individuals charged in an eleven-count Second Superseding Indictment returned by the Grand Jury in December 2006.  On December 12, 2006, Fuller was charged by Second Superseding Indictment with possession with the intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base and 1,000 kilograms of marijuana in violation of Title 21 United States Code, §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count 1").  (DE 360.)  On October 10, 2006, the Government filed notice that it would seek statutorily enhanced penalties pursuant to 21 U.S.C. § 851.  (DE 225.)  The Government's filing of a three-strikes enhancement, pursuant to 21 U.S.C. § 851, mandated a life sentence if Fuller were convicted of the charges against him.

---

[2]   The Government concedes that if sentenced today, only one of Fuller's prior convictions would qualify for a Section 851 enhancement (DE 1175, p. 9, n. 5.); and therefore, a mandatory life sentence would not apply here.  In addition, Fuller would not be considered a career offender, and his applicable guideline range would be 135-168 months.  (DE 1175, pp. 10-11.)

2

On February 7, 2007, a jury convicted Fuller of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more cocaine base (commonly known as "crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  The jury made specific factual findings in reaching its verdict on Count 1, holding Fuller responsible for at least 5 kilograms of cocaine powder and 50 grams of cocaine base. (DE 512, p. 4.)  Fuller had at least two prior felony drug convictions, which had become final, and the Government had properly noticed him with an Information filed pursuant to 21 U.S.C. § 851.  (DE 225.)  The prior convictions and the filing of the Information subjected Fuller to a mandatory life sentence on Count 1 pursuant to §§ 841(a)(1) and (b)(1)(A), based on two of his four prior drug convictions.  (DE 225.)

Without prior convictions, Fuller would have been subject to a statutory mandatory minimum sentence of 10 years at the time of sentencing.  Based on the jury's finding that the offense of conviction involved at least 5 kilograms of cocaine and 50 grams of crack cocaine, Fuller's base offense level was 38, pursuant to § 2D1.1(c)(1) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  (See PSR, ¶ 100.)  At the time of sentencing, Fuller had the requisite prior convictions to be classified as a career offender under U.S.S.G. § 4B1.1, and thus, his criminal history category was VI.  (Id., ¶¶ 85-86, 106.)  Fuller did not receive a reduction for acceptance of responsibility, and the resulting total offense level was 38.  (Id., ¶ 109.)  An offense level 38 and criminal history category of VI results in a Guidelines range of 360 months to life imprisonment.

On May 16, 2007, Fuller was sentenced to a statutorily mandated life sentence plus 10 years supervised release.  (See Id., ¶¶ 120-21; DE 669; see also n.1.)  Fuller has been in custody since August 18, 2006.  (See PSR at 1.)

3

**DISCUSSION**

**Legal Framework for the Act**

To begin with, "Congress enacted the Fair Sentencing Act of 2010. . . in response to extensive criticism about the disparity in sentences between crack cocaine offenses and powder cocaine offenses." United States v. Black, 737 F.3d 280, 282 (4th Cir. 2013). The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum . . . ." Dorsey v. United States, 567 U.S. 260, 269, 132 S. Ct. 2321, 183 L. Ed. 2d 250 (2012). However, the statutory minimum sentences for powder cocaine were left unaltered. These changes lowered the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1. See Dorsey, 567 U.S. at 269. The Fair Sentencing Act also directed the United States Sentencing Commission (the "Sentencing Commission") to conform the Sentencing Guidelines to the new statutory minimums as soon as possible. See United States v. Gravatt, 953 F.3d 258, 260-61 (4th Cir. 2020). In response, the Sentencing Commission promulgated amendments to the Guidelines, which could be applied retroactively. See Black, 737 F.3d at 282. However, the Guidelines amendments could not retroactively alter statutory minimum terms of imprisonment when the Fair Sentencing Act did not apply its changes retroactively. Therefore, disparities between sentences for crack cocaine offenses and powder cocaine offenses remained for defendants sentenced before August 3, 2010, the effective date of the Fair Sentencing Act. See Gravatt, 953 F.3d at 260.

Congress enacted the First Step Act of 2018 to address the disparity, which made the provisions of the Fair Sentencing Act retroactive to cases where the sentence was imposed before August 3, 2010. See United States v. Charles, 932 F.3d 153, 162 (4th Cir. 2019). In pertinent

4

part, Section 404(a) of the Act defines a "covered offense" as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010.  See Gravatt, 953 F.3d at 260.  A "covered offense" is a threshold requirement under the Act.  Id. at 260.  Next, Section 404(b) describes what happens in the event a defendant was sentenced on a covered offense.  The Act provides that "[a] court that imposed a sentence for a covered offense *may*, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, *impose a reduced sentence* as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  First Step Act, § 404(b) (emphasis added).  This section indicates that if a motion is made and the defendant's sentence involves a covered offense, the Court may, but is not required to, grant the statutory relief.

Lastly, Section 404(c) contains two express limitations on the application of Section 404(b).  In other words, even if a sentence involves a covered offense, "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."  First Step Act, § 404(c).[3]

---

[3]     Section 404(c) also clarifies that the district court has discretion in determining whether relief under the Act is appropriate.  In Gravatt, the Court noted that the use of "may" in Section 404(b) bolsters the fact that "nothing in the section is to be construed to require a court to reduce any sentence" under the Act.  See Gravatt, 953 F.3d at 260-61; see also § 404(c).

**Fuller's Eligibility under the Act**

With the above-mentioned guideposts in mind, to be eligible for a discretionary sentence reduction under § 404 of the Act, a defendant must meet three requirements: (1) he was convicted of a "covered offense" committed before August 3, 2010; (2) he was sentenced pursuant to the statutory penalties for the "covered offense" in effect before August 3, 2010; and (3) he has not previously filed a motion pursuant to § 404 that was granted or denied on its merits after a complete review.  See United States v. Day, 474 F. Supp. 3d 790, 797 (E.D. Va. 2020).  The parties agree that Fuller's multi-object conviction is a "covered offense" for purposes of the Act; therefore, he is eligible for a sentence reduction for his possession with the intent to distribute 50 grams or more of crack cocaine conviction under § 404.

However, the Government advances three reasons why the Act would not lower his sentence and, therefore, contends Fuller is otherwise ineligible for relief under the Act.  First, the Government argues that the Act does not authorize a *de novo* resentencing, rather the Act permits only a "modification" of a sentence for the portion of the sentence altered by § 404 of the First Step Act.  (DE 1175, p. 6.)  The Government correctly argues  that "the proper mechanism for reduction motions invoking Section 404 is found in 18 U.S.C. § 3582(c)(1)(B)."  (DE 1175, p. 5 (citing United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019).)  However, the Government pivots and suggests ". . . in keeping with the limited scope of a sentence reduction *under § 3582(c)(2)*, a court granting such a reduction should not revisit guideline calculations other than the retroactive guideline amendment." (DE 1175, p. 6) (suggesting that "such proceedings should be governed under § 3582(c) which allows a limited 'modification' of a sentence, not a de novo resentencing.") (emphasis added).

However, this suggestion cannot be reconciled with Fourth Circuit precedent.[4] In <u>United States v. Chambers</u>, 956 F.3d 667 (4th Cir. 2020), "the Fourth Circuit considered whether, when acting pursuant to § 404, a court is permitted to apply intervening case law after the defendant's initial sentencing, under which that defendant would no longer be considered a career offender for purposes of the Guidelines." <u>Day</u>, 474 F. Supp. 3d at 797. The <u>Chambers</u>, Court held,

> In sharp contrast to § 3582(c)(2), the § 3582(c)(1)(B) exception authorizes courts to 'modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute.' (Citations omitted). As we recently explained in <u>Wirsing</u>, 'there is no reason to suppose that motions brought pursuant to § 3582(c)(1)(B) are subject to the restrictions particular to § 3582(c)(2), which are grounded in the text of the latter statute.' <u>See id.</u> at 185. Thus, applying § 3582(c)(1)(B), we look to the underlying statute to determine what it expressly provides. Here, that is the First Step Act, and in particular, § 404(b).

<u>Chambers</u>, 956 F.3d at 671. The <u>Chambers</u> Court concluded that § 404(b) "expressly permits the court to 'impose a reduced sentence.' Not 'modify' or 'reduce,' . . . ." <u>Id.</u> at 672. "And, when 'imposing' a new sentence, a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." <u>Id.</u> The <u>Chambers</u> Court also concluded that ". . . and unlike under § 3582(c)(2) and its corresponding policy statement (U.S.S.G. § 1B1.10), there is no limiting language to preclude the court from applying intervening case law." <u>Id.</u> Accordingly, since First Step Act motions fall under § 3582(c)(1)(B), this Court may impose a new sentence and is not

---

[4]     By way of example in <u>Wirsing</u>, the Court held that:

> Section 3582(c)(2) was the appropriate vehicle for defendants seeking relief under the Guidelines amendments related to the Fair Sentencing Act. (Citation omitted). However, the distinct language of the First Step Act compels the interpretation that motions for relief under that statute are appropriately brought under § 3582(c)(1)(B). And there is no reason to suppose that motions brought pursuant to § 3582(c)(1)(B) are subject to the restrictions particular to § 3582(c)(2), which are grounded in the text of the latter statute. (Citations omitted). Rather, in determining eligibility under § 3582(c)(1)(B), courts must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'

<u>Wirsing</u>, 943 F.3d at 185 (citing § 3582(c)(1)(B)).

precluded from applying intervening law. Therefore, the Court rejects the Government's limiting application of the Act.

Next, the Government contends that "[e]ven though Fuller's motion should be considered on the merits under Gravatt, he is not eligible for relief under the First Step Act" because the Government states the "Act does not allow a sentence reduction when the 'offense of conviction' is a multi-object conspiracy where the penalties of one object (possession and distribution of cocaine base) were modified by the Fair Sentencing Act, while the penalties of the other (possession and distribution of cocaine) were not reduced and independently support the statutory sentence." (DE 1175, pp. 6-7.) This Court disagrees. In Gravatt, the Fourth Circuit had to "decide whether Gravatt was convicted of a 'covered offense' where he was charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine." Gravatt, 953 F.3d at 264. The Gravatt Court said yes, holding "[i]f Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not. We decline to expand the limitations crafted by Congress." Id. at 264. Similarly, the Government's position that a multi-object conspiracy with different penalties is otherwise not eligible for a reduced sentence because § 404 does not affect a sentence where the conviction involves powder cocaine and crack cocaine is strained, at best, considering Gravatt.[5] Therefore, this argument is rejected.

Lastly, the Government argues the Act does not authorize retroactive application of legislative changes to sentence enhancement under § 841(b)(1)(A) and the penalties or "the kinds

---

[5] While the Court disagrees with the Government's general premise, the Court agrees that unchanged statutory mandatory minimums cannot be avoided like Fuller's 15-year mandatory minimum sentence in this case. See Gravatt at n. 5 ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements."); see also n. 6 infra.

8

of convictions a section 851 enhancement could apply, including changing the broad 'felony drug offense' category to the much narrower 'serious drug felony' category."[6] (DE 1175, p. 9.) In addition, while the Government concedes that if Fuller were sentenced today, post-First Step Act of 2018 for the same conspiracy offense as in the instant case, Fuller would not be deemed a career offender, the Government nevertheless opposes application of the Act. (DE 1175, p. 10.) To that end, the Government contends that "[t]he First Step Act made no changes to the predicate act requirements for career offender status under the Guidelines[;]" and therefore, even though intervening case law has modified the requirements for career offender status, its application cannot be applied to Fuller in a sentence reduction under the Act. (DE 1175, pp. 9-10.) This Court disagrees with both propositions. First, as noted in Day, "[t]he issue presented reduces to whether for purposes of imposing a reduced sentence under § 404, the intervening legislative changes in § 401 should be treated the same as the judicially-corrected Guidelines error in Chambers. The Court concludes that they should in light of Chambers, Wirsing, and the text and structure of the First Step Act." Day, 474 F. Supp. 3d at 799 (citing Chambers, 956 F.3d at 671 and Wirsing, 943 F.3d at 183).

The District Court in Day addressed similar issues advanced by the government in that case and held that "§ 3582(c)(1)(B), which authorizes the application of § 404, does not impose

---

[6] Section 401 of the Act amended the sentencing enhancements under § 851 in two relevant ways. For an offense involving at least five kilograms or more cocaine, it reduced the mandatory minimums following a section 851 notice from 20 years to 15 years for one qualifying conviction and from life to 25 years for two or more qualifying convictions under § 841(b)(1)(A). In addition, the amendment altered the "felony drug offense" category to the much narrower "serious drug felony" category. A "serious drug felony" is defined as "an offense described in section 924(e)(2) of title 18 for which— (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57). Except for Fuller's 1990 conviction for possession with intent to distribute cocaine, he did not serve more than a year in prison for any serious drug felony offense; and therefore, a 15-year mandatory minimum would apply here.

9

limitations on what may be considered in connection with a § 404 resentencing. Rather, any such limitations must come from § 404 itself." Id. at 799. Applying the principles in Chambers and Wirsing, the Day Court concluded,

> Thus, just as there is under § 404 'no limiting language to preclude the court from applying intervening case law,' (citation omitted), there is no limiting language to preclude the application of intervening legislative changes from which Defendant can benefit. This conclusion also squares with the general principle that 'the law in effect at the time governs sentencing.'

Day, 474 F. Supp. 3d at 800 (quoting United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997) (citing Hughey v. United States, 495 U.S. 411, 413 n.1, 110 S. Ct. 1979, 109 L. Ed. 2d 408 (1990)). This Court agrees and follows the same reasoning.

Second, § 404 does not limit what a court may consider in connection with a resentencing authorized by that statute, including specifically the reduced penalties in § 401. As Chambers recognized, § 404 satisfies § 3582(c)(1)(B)'s "expressly permitted" requirement; and § 404's "as if" reference to the retroactive application of § 2 or § 3 of the Fair Sentencing Act does not limit the Court's consideration to those statutory changes. See Day 474 F. Supp. 3d at 800. Moreover, as correctly noted by the Government, "[t]o determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of '*intervening case law*,' and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a) . . . ." United States v. Lancaster, 997 F.3d 171, 175 (4th Cir. 2021) (emphasis added) (finding that "changes in law indicate that Lancaster cannot now be sentenced as a career offender. The career-offender enhancement — both in 2009 and now — requires that the 'instant offense of conviction' be, among other things, a 'controlled substance offense.' U.S.S.G. § 4B1.1. While at the time of his sentencing Lancaster's instant offense — conspiracy to traffic in crack cocaine and cocaine powder, in violation of 21 U.S.C. § 846 — was considered to be a controlled substance offense, that is no

longer the case. See United States v. Norman, 935 F.3d 232, 237-39 (4th Cir. 2019)"). Nevertheless, the Government contends intervening changes in the law cannot be considered in this case.

Third, in contrast to the Government's position, the limitation expressed in § 401(c) does not preclude the Court from applying the reduced penalties in that section at the time of a defendant's resentencing under § 404. As stated in § 401(c) "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act [December 21, 2018], if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 401(c). Section 401(c) clearly contemplates the application of the reduced penalties under § 851 in connection with "a sentence" "imposed" after December 21, 2018. While the Court notes that Section 401 is not self-executing, and it confers no right to be resentenced based on its reduced penalties, Section 401 does not preclude a defendant from finding another statute, if one exists, that confers the right to be re-sentenced with the benefit of those reduced penalties. As noted herein and further explained in Chambers,

> Section 404(b) authorizes a court to 'impose' a reduced sentence. As Chambers emphasized, the use of the word 'impose' signifies that § 404 is not predicated on a pre-existing sentence that is simply modified; rather, the word 'impose' contemplates a sentencing process that begins essentially *ab initio*, without any carry-over effect from the original sentence and with the full range of considerations typically at play during a sentencing, *including the law in effect at the time of the sentencing and the sentencing factors* under 18 U.S.C. § 3553(a).

Day, 474 F. Supp. 3d at 801 (citing Chambers, 956 F.3d at 674 (emphasis added)). Further, if Congress intended to preclude defendants like Fuller from a reduced sentence that contemplates the benefits of § 401 when imposing a sentenced under § 404, it could have stated that § 401 does not apply to anyone originally sentenced on or before December 21, 2018; or it could have, as it did in § 404(c) or § 402(b), framed § 401's non-applicability in terms of when a defendant was

11

convicted. See Day, 474 F. Supp. 3d at 802.[7]  Accordingly, the Court disagrees with the Government's limiting construction of § 404(b), and its corresponding application of intervening legislative changes in § 401. Therefore, the legislative changes in § 401 would apply to any sentence reduction Fuller may receive under § 404(b).

**§ 3553 Factors and Post-sentencing Conduct**

Because Fuller's sentence involves a covered offense, § 404(b) provides that a sentencing court may "impose a reduced sentence" and Chambers directs the Court to consider the factors in 18 U.S.C § 3553(a), as well as post-sentencing conduct at resentencing. See Chambers, 956 F.3d at 674. The factors are addressed below, and they support a sentence reduction.

1. Nature of the Offense/History and Characteristics of the Defendant

Fuller was one of 17 individuals charged in an eleven-count Second Superseding Indictment returned by the Grand Jury in December 2006. On December 12, 2006, Fuller was charged by Second Superseding Indictment with possession with the intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base and 1,000 kilograms of marijuana in violation of Title 21 United States Code, §§ 841(a)(1), 841(b)(1)(A), and 846. (DE 360.) Fuller has four children whom he has maintained contact with during his incarceration.

2. Need to Avoid Unwarranted Sentencing Disparities

The Court has reviewed the sentences imposed on other members of this conspiracy and finds Fuller is the only defendant in this case who is serving a life sentence, even though he was

---

[7] The Court notes that aside from the Court in Day, several District Judges in this circuit have not applied the enhanced mandatory minimum penalties to § 851 notices that were based on prior convictions that no longer qualify as predicate convictions under the Act when considering a sentence reduction under § 404. See Day, 474 F. Supp. 3d at 790; see also Babb v. United States, No. CR ELH-04-0190, 2021 WL 2315459 (D. Md. June 4, 2021); United States v. Sappleton, No. CR 01-284-PJM-3, 2021 WL 598232 (D. Md. Feb. 16, 2021); United States v. Wilson, No. CR RDB-03-0309, 2021 WL 1312904 (D. Md. Apr. 7, 2021); United States v. Dixon, No. CR 0:09-207-03 (CMC), 2019 WL 2206326 (D.S.C. May 22, 2019).

not the leader of the conspiracy or one of its chief architects. The leader of the conspiracy was initially sentenced to 188 months, and 13 of the 17 defendants in this case have completed their sentences.

    3. <u>Post-Sentencing Conduct</u>

Fuller has undergone considerable rehabilitation over his 15-year incarceration. At 58 years old and despite the possibility of no release, he has taken full advantage of Bureau of Prisons programming. He has completed the Challenge Program, a voluntary residential drug course; is currently enrolled in the Life Connections Program, a residential faith-based program that teaches life skills and the development of personal responsibility; and is enrolled in a number of courses in the culinary arts. While Fuller has not been a perfect inmate, he has had relatively minimal disciplinary history. According to the Government, "Fuller was last sanctioned in 2015 for fighting with another inmate. He was sanctioned in 2014 for possession of an unauthorized item, failing to stand for count and telephone abuse; and fighting once in 2013 and once in 2012. In 2012, Fuller lost contact visitation privileges for 18 months after he was found in possession of drugs." (DE 1175, p. 11, n.8.)

    4. <u>Kinds of Sentences available and Sentencing Range Established</u>

Fuller's new Total Offense Level is 30 and his Criminal History Category is IV. Although Fuller's new Guidelines range is 135 to 168 months, his powder cocaine conviction has a mandatory minimum sentence of 180 months and a mandatory minimum 10-year term of Supervised Release.

    5. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and adequately deter Defendant and others.</u>

Fuller has served over 15 years. Although his conduct has not been perfect, his behavior has not displayed a pattern of violence. More importantly, despite the possibility of no release he

has used his time in a positive manner to pursue his substantial educational and vocational achievements.

## **CONCLUSION**

The Court, after considering the § 3553(a) factors and post- sentencing conduct, exercises its discretion to reduce Fuller's sentence to the mandatory minimum sentence of 180 months but not less than time served. In addition, the Court adopts the previously imposed terms and conditions of supervised release, as initially imposed of the mandatory minimum of ten years. This sentence is within the Guideline range and is sufficient but not greater than necessary to achieve the purposes of sentencing.

**AND IT IS SO ORDERED.**

                                                                                                    Joseph Dawson, III
                                                                                                    United States District Judge

April 12, 2022
Greenville, South Carolina